```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

**MELVIN CLIFFORD NOOKS,**           )
                                     )
        **Petitioner,**        )
                                     )
        **v.**                 )   **CIVIL ACTION No.**
                                     )   **15-11757-NMG**
                                     )
**YOLANDA SMITH, SUPERINTENDENT,**   )
                                     )
        **Respondent.**        )

## ORDER

**GORTON, J.**

Petitioner Melvin Clifford Nooks ("Nooks"), a native and citizen of Jamaica, instituted this habeas action on April 30, 2015, pursuant to 28 U.S.C. § 2241 alleging that his continued post-removal detention by Immigration Customs Enforcement ("ICE") of the Department of Homeland Security violates his constitutional rights under the principles of due process articulated by the Supreme Court in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). On May 8, 2015, petitioner paid the $5 filing fee.

The petition names the following individuals as respondents: Eric H. Holder, Jr. Attorney General of the United States; Steven W. Tompkins, Suffolk County Sheriff; Sean Gallagher, ICE Acting Field Office Director; and Jeh Johnson, Secretary of Homeland Security.

As an initial matter, only petitioner's immediate custodian, Yolanda Smith, the Superintendent of the Suffolk County House of Correction, is the proper respondent in this action. It is well-settled that a habeas petitioner challenging the legality of his

detention normally must name his immediate custodian, "the individual having day to day control over the facility in which [s]he is being detained" as the respondent to the petition. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004); Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000)(a petitioner's legal custodian is the individual having day-to-day control over the facility in which petitioner is being detained), cert. denied, sub nom. Vasquez v. Ashcroft, 534 U.S. 816 (2001); 28 U.S.C. § 2243 (a writ of habeas corpus must be "directed to the person having custody of the person detained."). Thus, Superintendent Smith shall be substituted as the sole respondent in this action.

Additionally, Nooks failed to sign the petition. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not represented by an attorney, shall be signed by the party." See Fed. R. Civ. P. Rule 11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."). This means that the petition must contain Nooks' signature. Nooks will be granted additional time to file with the court a copy of the petition containing his original signature.

Finally, because Nooks presents a colorable claim for habeas

relief, the clerk will be directed to serve the petition.

Accordingly, it is hereby ORDERED that:

(1) Yolanda Smith, Superintendent of the Suffolk County House of Correction, shall be substituted as the sole respondent in this action. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (same, as applied to immigration detainee immediate custodian of petitioner is proper respondent in habeas action).

(2) The Clerk of this Court shall serve a copy of the Petition upon the United States Attorney for the District of Massachusetts and Yolanda Smith, Superintendent Suffolk County House of Correction, 20 Bradston Street, Boston, MA 02118.

(3) The Respondent shall, within 21 days of this Order, file an answer or other responsive pleading.

(4) The Respondent shall provide the Court with at least 48 hours (i.e. two (2) business days) notice prior to any removal of petitioner from the jurisdiction.

(5) The Clerk shall provide petitioner with a copy of the petition so that Nooks may sign the last page and return to the Court within thirty-five (35) days of the date of this Order. Failure of the Petitioner to comply with this directive may result in the dismissal of this action.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: May 27, 2015